IRVING, P.J.,
 

 for the Court:
 

 ¶ 1. On February 4, 2010, Tony Jones was convicted of aggravated assault. The Coahoma County Circuit Court sentenced Jones to ten years, with four years suspended, in the custody of the Mississippi Department of Corrections. On February 9, 2010, Jones filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, which the circuit court denied. Feeling aggrieved, Jones appeals and argues that the circuit court erred in refusing to admit Stanley Flagg’s police statement into evidence and in refusing to instruct the jury on the lesser-included offense of simple assault.
 

 ¶ 2. Finding no reversible error, we affirm.
 

 FACTS
 

 ¶ 3. On January 17, 2009, Flagg and his band played at the Civic Auditorium in
 
 *1035
 
 Clarksdale, Mississippi. After leaving the stage, Flagg was struck on the side of his head by Jimmy Blue. As Flagg attempted to get up, Jones struck him in the face. Flagg sustained several fractures to his face, which required the insertion of five plates and twenty-two screws. Additionally, Flagg’s jaw was wired shut for two weeks.
 

 ¶4. Flagg filed a complaint with the Clarksdale Police Department, and Sergeant Jason Sims was assigned the case. Sergeant Sims interviewed Flagg, who stated that he had been assaulted by Blue and a man who he initially identified as Tony Pittman. Sergeant Sims then showed Flagg two photographic lineups. Flagg could not identify his attacker from the first lineup, which included Pittman. However, when shown the second lineup, Flagg identified Jones as the second person who had struck him at the auditorium.
 

 ¶ 5. Flagg also submitted a typed statement to the police in which he explained that Blue had hit him in the face. However, during the trial, Flagg testified that Blue had hit him on the side of the head. Flagg was cross-examined regarding his inconsistent statements. Flagg explained that his mother had typed his police statement and that the statement erroneously identified Blue as the person who had struck Flagg in the face. Jones attempted to introduce Flagg’s typed police statement as extrinsic evidence of Flagg’s prior inconsistent statement, but the circuit court refused to admit the statement.
 

 ¶ 6. Additional facts, as necessary, will be related during our discussion and analysis of the issues.
 

 ANALYSIS AND DISCUSSION OF THE ISSUES
 

 1. Exclusion of Police Statement
 

 ¶ 7. Jones argues that the circuit court erred in refusing to admit Flagg’s police statement into evidence. The standard of review applied to a circuit court’s decision to admit or deny evidence is abuse of discretion.
 
 Newell v. State,
 
 49 So.3d 66, 71 (¶ 9) (Miss.2010). However, an appellate court “will not reverse the trial court’s evidentiary ruling unless the error adversely affects a substantial right of a party.”
 
 Id.
 
 (quoting
 
 Mingo v. State,
 
 944 So.2d 18, 28 (¶ 27) (Miss.2006)).
 

 ¶8. Jones contends that Flagg’s police statement should have been admitted under Rule 613(b) of the Mississippi Rules of Evidence as evidence of a prior inconsistent statement. Under Rule 613(b), “[e]x-trinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate him thereon, or the interests of justice otherwise require.”
 

 ¶ 9. However, the Mississippi Supreme Court has held that “when a witness admits making a prior out-of-court inconsistent statement, which has been reduced to writing, the statement should not be introduced into evidence.”
 
 Brown v. State,
 
 682 So.2d 340, 345 (Miss.1996) (citing
 
 Moffett v. State,
 
 456 So.2d 714, 719 (Miss.1984)). On cross-examination, Flagg admitted that his police statement erroneously identified Blue, instead of Jones, as the person who had hit him in the face; therefore, the circuit court properly excluded the statement from evidence. Despite its refusal to admit extrinsic evidence of Flagg’s prior inconsistent statement, the circuit court did allow Jones to cross-examine Flagg regarding the statement for impeachment purposes. Therefore, we do not find that Jones was prejudiced or adversely affected by the circuit court’s exclusion of Flagg’s police statement. This issue is without merit.
 

 
 *1036
 
 ¶ 10. Jones also contends that Flagg’s police statement was admissible under Rule 801(d)(1)(C) of the Mississippi Rules of Evidence as a statement of identification. However, Jones failed to make this argument or otherwise raise this issue before the circuit court. Because he failed to make this argument at trial, he has waived this issue on appeal, as new issues cannot be raised for the first time on appeal.
 
 Smith v. State,
 
 986 So.2d 290, 296 (¶ 16) (Miss.2008).
 

 2. Jury Instruction
 

 ¶ 11. Jones argues that the circuit court erred in refusing his request for a jury instruction on the lesser-included offense of simple assault. Jones contends that without his simple-assault instruction, the jury was not allowed to determine whether Flagg’s injuries were serious and whether a fist was a means likely to produce serious bodily harm.
 

 ¶ 12. “A defendant is entitled to have jury instructions given which present his theory of the case.”
 
 White v. State,
 
 842 So.2d 565, 575 (¶ 30) (Miss.2003) (citing
 
 Smith v. State,
 
 802 So.2d 82, 88 (¶ 20) (Miss.2001)). However, a “court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence.”
 
 Id.
 
 (citing
 
 Smith,
 
 802 So.2d at 88 (¶ 20)). “[A] lesser-included[-]offense instruction is authorized if a rational or reasonable jury could find the defendant not guilty of the principal offense in the indictment, but guilty of the lesser-included offense.”
 
 Id.
 
 (citing
 
 Pleasant v. State,
 
 701 So.2d 799, 804 (Miss.1997) (overruled on other grounds)).
 

 ¶ 13. Jones was convicted of aggravated assault under Mississippi Code Annotated section 97-3-7(2)(b) (Supp.2010), which defines aggravated assault as attempting to cause or purposely or knowingly causing bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm.... ” The lesser-included offense of simple assault is defined in section 97-3-7(l)(a), which states: “A person is guilty of simple assault if he attempts to cause or purposely, knowingly[,] or recklessly causes bodily injury to another....”
 

 ¶ 14. This Court has stated that “the issue of whether there was sufficient evidence to give a simple[-]assault instruction hinges on whether there was any evidence from which a jury could find that [the victim’s] injuries were anything less than serious bodily injuries.”
 
 Ames v. State,
 
 17 So.3d 130, 137-38 (¶ 31) (Miss.Ct.App. 2009). Flagg testified that as a result of Jones’s assault, he sustained multiple fractures to his face, which required the insertion of five plates and twenty-two screws. Flagg also suffered a broken jaw that required his jaw to be wired shut for two weeks. Based on Flagg’s uncontested testimony regarding the extent of his injuries and the extensive treatment required to repair those injuries, we find that Flagg’s injuries were serious, and a reasonable jury could not have found Jones guilty of the lesser-included offense; therefore, there was no evidentiary basis justifying an instruction on simple assault. This issue is without merit.
 

 ¶ 15. Furthermore, we find that even without a simple-assault instruction, the jury was allowed to determine whether a fist constituted a “means likely to produce death or serious bodily harm.” The circuit court granted jury instruction S-2, which states:
 

 If you find from the evidence in this case beyond a reasonable doubt that:
 

 (1) on or about January 17, 2009, in Coahoma County, Mississippi,]
 

 (2) the Defendant, TONY JONES, did individually or while aiding and
 
 *1037
 
 abetting and/or acting in concert with Jimmy Jamal Blue, unlawfully, willfully, and feloniously and purposefully or knowingly, cause bodily injury to Stanley Flagg,
 

 (3) by hitting Stanley Flagg in the face with his fist, and
 

 (4)
 
 that his fist was a means likely to produce serious bodily harm.
 

 Then you shall find the Defendant, TONY JONES, guilty of [ajggravated [ajssault.
 

 If the State has failed to prove any one or more of the above elements beyond a reasonable doubt, then you shall find the
 

 Defendant, TONY JONES, not guilty. (Emphasis added).
 

 ¶ 16. It is clear from the above instruction that had the jury not believed that Jones’s fist, as used in the attack on Flaggs, was a means likely to produce, and did produce, serious bodily harm, it would have found Jones not guilty of aggravated assault. This issue is without merit.
 

 ¶ 17. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FOUR YEARS SUSPENDED, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
 

 LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ„ CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. RUSSELL, J., NOT PARTICIPATING.