RUSSELL, J.,
dissenting:
¶ 18. The majority finds that the circuit court properly denied Pierce’s request for a manslaughter jury instruction. In my view, the manslaughter jury instruction should have been given because there was sufficient evidence for a jury to find that Pierce committed the lesser offense of manslaughter. Therefore, I dissent.
¶ 19. “A defendant is entitled to have jury instructions given which present his theory of the case.” Jones v. State, 64 So.3d 1033, 1036 (¶ 12) (Miss.Ct.App.2011) (quoting White v. State, 842 So.2d 565, 575 (¶ 30) (Miss.2003)). A court may refuse a jury instruction that “incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence.” Id. (quoting White, 842 So.2d at 575 (¶ 30)). A defendant may “request an instruction regarding any offense carrying a lesser punishment if the lesser offense arises out of a nucleus of operative fact common with the factual scenario giving rise to the charge laid in the indictment.” Brown v. State, 19 So.3d 85, 94 (¶ 26) (Miss.Ct.App.2008) (quoting Gangl v. State, 539 So.2d 132, 136 (Miss.1989)).
¶ 20. A criminal defendant is entitled to a jury instruction that presents his theory of the case even when “the evidence that supports it is weak, inconsistent, or of doubtful credibility.” Banyard v. State, 47 So.3d 676, 682 (1117) (Miss.2010) (citing Ellis v. State, 778 So.2d 114, 118 (¶15) (Miss.2000)). “[A] lesser-offense instruction should only be granted by the trial judge when an evidentiary basis exists in the record to support such an instruction.” Brown, 19 So.3d at 94 (¶ 26) (citing Gangl, 539 So.2d at 136). Further, “[a] lesser-included offense instruction should be granted unless the trial judge can say that no reasonable jury could find the defendant guilty of the lesser offense after taking all evidence in the light most favorable to the accused.” Id. (citing Giles v. State, 650 So.2d 846, 854 (Miss.1995)). “Thus, if *1016 any evidence is found in the record that could support the finding of the lesser offense, the trial judge should give the lesser-included offense instruction, but if the instruction is not supported by the evidence, the instruction should be excluded.” Id. (citing Perry v. State, 637 So.2d 871, 877 (Miss.1994)) (emphasis added).
¶21. In the instant case, there was evidence that could support a guilty verdict on the lesser offense of heat-of-passion manslaughter, namely: (1) the “Dear John” letter from Pierce’s wife; (2) Pierce’s seeing his wife’s vehicle at the home of the victim; (3) Pierce’s seeing his wife’s belongings at the home of the victim; and (4) Pierce’s exchanging words with the victim. Once again, if “any evidence is found in the record that could support the finding of the lesser offense, the trial judge should give the lesser-included offense instruction!;.]” Id. (emphasis added). Considering the evidence in the light most favorable to Pierce, this evidence — especially considered as a whole — is more than sufficient to support a lesser-ineluded-offense instruction. Therefore, I would reverse Pierce’s conviction and remand for a new trial.